**Luis Alberto DE LEON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4148.

United States Court of Appeals, Sixth Circuit.

May 12, 2004.

Douglas S. Weigle, Bartlett & Weigle, Cincinnati, OH, for Petitioner.

Efthimia S. Pilitsis, Jennifer A. Parker, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before MARTIN and ROGERS, Circuit Judges; and BELL, District Judge.[*]

ROGERS, Circuit Judge.

Luis A. De Leon is a native and citizen of Guatemala who is seeking review of an order of the Board of Immigration Appeals (the "BIA"), which affirmed and adopted the immigration judge's ("IJ") decision which found that De Leon was not credible and had no basis for asylum or withholding of removal. De Leon now appeals the decision of the BIA. For the following reasons, we deny De Leon's petition for review of the BIA's decision.

De Leon entered the country illegally in 1990. During a hearing before the IJ in 1998, De Leon conceded his removability and stated his intention to apply for asylum and withholding of removal. De Leon claims that he was persecuted in Guatemala because of political opinions he expressed during his journalism career. As part of this career. De Leon asserts that he worked for two years doing public relations for The Institution for Transformation of Agrarian Reform, an organization that advocated for land reform on behalf of peasants and was disliked by the Guatemalan government.

De Leon contends that in 1990 he was visited at home by a guerilla commander who asked him to publish a pro-guerrilla bulletin. De Leon refused. De Leon testified that for three to five months after the guerrilla came to his home, various men, women, and children, whom he believed worked for the government, parked outside his office and/or house and followed him around. He also claims that he received three threatening phone calls at his office. De Leon testified that on or about August 15, 1990, three angry men dressed in civilian cloths with guns in their belts came to his office looking for him. De Leon was not there at this time, but he believes the men were from Guatemalan army intelligence, the G-2.

On May 13, 1999, the IJ found that De Leon was not credible because of inconsistencies and omissions in his testimony and asylum application, and that even if he were credible, he does not qualify for asylum or withholding of removal. "When the BIA adopts the reasoning of the IJ, we review the IJ's decision to determine whether the BIA abused its discretion." *Denko v. I.N.S.*, 351 F.3d 717, 723 (6th Cir.2003). "The BIA's determination that [the petitioner] was not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quotation marks omitted).

To prevail on an asylum claim, an alien must be classified as a refugee and merit relief as a matter of administrative discretion. *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A refugee is defined as "any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to ... that country because of persecution or a well-

[*] The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." 8 U.S.C. § 1101(a)(42)(A).

The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration. 8 C.F.R. § 208.13(a)-(b). If an alien demonstrates he has suffered past persecution, then he is "presumed to have a well-founded fear of persecution on the basis of the original claim." 8 C.F.R. § 208.13(b)(1). If the alien bases his claim for asylum on the possibility of future persecution, the alien must show that (1) he has fear of future persecution. (2) "[t]here is a reasonable possibility of suffering such persecution if he ... were to return to that country." and (3) he is unable or unwilling to return to his home country because of the fear of such persecution. 8 C.F.R. § 208.13(b)(2)(i)(A)-(C).

■ De Leon argues that the IJ erred because his story only contained minor inconsistencies and was credible and that the past persecution he suffered in Guatemala created a presumption of a well-founded fear of persecution in the future. The IJ discounted De Leon's testimony because of discrepancies between his asylum application and his testimony regarding the G–2's visit to his office, his non-production of articles that he wrote as an alleged "journalist," the omission from his asylum application of his later testimony that people watched him and followed him in the months preceding his departure from Guatemala, and his apparent failure to produce other letters he claimed he possessed. These inconsistencies largely go to the core of De Leon's asylum claim and provided the IJ with substantial evidence to conclude De Leon was not credible.

De Leon's alleged fear of future persecution depends almost entirely upon his claim of past persecution. Even if the IJ found De Leon to be credible, De Leon has not presented compelling evidence to demonstrate that the IJ's finding that De Leon had not suffered past persecution was erroneous. *See Begzatowski v. INS*, 278 F.3d 665, 669 (7th Cir.2002)("Persecution encompasses more than threats to life or freedom; non-life threatening violence and physical abuse also fall within this category. However, to sustain an asylum application, the conduct must rise above mere harassment. Types of actions that might cross the line from harassment to persecution include: detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings, or torture." (citations and internal quotation marks omitted)).

■ Furthermore, the IJ had substantial evidence to conclude that De Leon did not have a well-founded fear of persecution and was not entitled to asylum or withholding of removal. De Leon contends that the IJ erroneously placed too much reliance on the 1997 and 1998 U.S. Department of State Country Reports for Guatemala and de-emphasized other evidence that he presented regarding the safety of journalists in Guatemala. The evidence in the record, including the evidence that De Leon claims was practically ignored by the IJ, indicates that since the end of the civil war in the mid-1990s, the Guatemalan government has been tolerant of journalists criticizing the government and of human rights groups. Thus, the IJ had substantial evidence to conclude that De Leon's journalistic career would not subject him to a reasonable possibility of future persecution in Guatemala.

■ Because substantial evidence supports the BIA's determination that De Leon is ineligible for asylum, it follows that he cannot satisfy the more stringent

standard for withholding of removal. *See Koliada v. INS*, 259 F.3d 482, 489 (6th Cir.2001).

Accordingly, the petition for judicial review of the BIA's decision is DENIED.